UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

SCHOOL BOARD OF BROWARD
COUNTY, FLORIDA,

      Plaintiff,

vs.

C.B., individually and as parent of J.A.B.,
a minor,

      Defendant.

_____/

## **COMPLAINT**

The Plaintiff, School Board of Broward County ("School Board"), sues, Defendant C.B.,

individually and as parent of J.A.B., a minor, ("Parent" or C.B.) pursuant to 20 U.S.C. §1415(i)(2)

and alleges:

1.      The Plaintiff School Board is a governmental entity organized and existing under the

laws of the State of Florida which operates the public schools in Broward County, Florida. As such,

the School Board provides special education and related services under Part B of the Individual

Disabilities Education Act (IDEA).

2.      Defendant C.B. resides in Broward County, Florida and is the parent of a child

(J.A.B.) who receives special education and related services from the School Board.

3.      On November 29, 2016, C.B. filed a request for a due process hearing which was

forwarded to the Florida Department Administrative Hearings for further proceedings.[1]  C.B.'s

---

[1] *J.A.B. Petitioner v. School Board of Broward County, Florida*, Case No. 16-7021E,
State of Florida Division of Administrative Hearings (Administrative Law Judge Jessica E.
Varn).

Complaint alleged that a November 10, 2016 Individualized Education Program (IEP) overstated the child's need for intensive instruction in an Exceptional Student Education (ESE) classroom, and thus denied the child a Free and Appropriate Public Education (FAPE); that the IEP was finalized without the Parent and classroom teacher being present for the IEP meeting; and that the child had been removed from the Florida State Standards Curriculum without the Parents consent.

4.      The School Board filed a timely response to the Complaint and acknowledged that the IEP meeting had convened without the Parent being present and offered to convene the IEP team once again to properly consider and address the Parent's input.

5.      On or about February 12, 2017, the Parent retained attorney Stephanie Langer, and on February 16, 2017 the School Board sent a settlement letter to Ms. Langer offering to vacate the November 10, 2016 IEP, and offering once again to hold a new IEP meeting and draft a new IEP with all appropriate team members present.

6.      On February 27 and 28, 2017, a final hearing was conducted wherein testimony was heard from seven witnesses, Petitioner's exhibits 1-35 were admitted without objection and the School Board's exhibits 1-12 and 14-34 as well as page 926 of Exhibit 35 were received in evidence without objection.

7.      On April 18, 2017, Florida Administrative Law Judge (ALJ) Jessica E. Varn issued an Amended Final Order which rejected all but one of the claims. Specifically, the Amended Final Order held that the November 2016 IEP was prepared and implemented without parental input and that this procedural error caused substantiative harm by denying the student a FAPE. The child (J.A.B.) was awarded 30 minutes of weekly language services as compensatory education for every week that the November IEP was implemented. A true and correct copy of the Amended Final Order

2

is attached hereto as Exhibit A.

8.     On September 7, 2017, the ALJ issued a decision in a hearing conducted pursuant to 20 U.S.C. §1415(f), which awarded Petitioner attorneys fees in the amount of $16,706 and costs in the amount of $3,629.95. A copy of the September 7, 2017 Order on Attorneys Fees entered in *J.A.B., Petitioner v. Broward County School Board, Respondent*, Case No. 16-7021E State of Florida, Division of Administrative Hearings is attached hereto as Exhibit B.

9.     The Plaintiff School Board was aggrieved by the findings and decision made by the administrative law judge as set forth in the Order on Attorneys Fees attached as Exhibit B and the Plaintiff School Board does not have a right to appeal the decision under 20 U.S.C. §1415(g).

10.     Pursuant to 20 U.S.C. §1415(i)(2)(A), the Plaintiff School Board is entitled to bring a civil action in the United States District Court without regard to the amount in controversy. This action has been timely brought within 90 days from the date of the September 7, 2017 decision of the administrative law judge as required by 20 U.S.C. §1415(i)(2)(B) and Florida Administrative Code Rule 6A-6.03311(9)(w).

11.     Venue is proper in the United States District Court for the Southern District of Florida in that the Defendant resides in Broward County, Florida.

12.     The administrative law judge lacked the authority and jurisdiction to award attorneys fees under either Federal or Florida law. Instead, only the court (Federal district court or Florida circuit court) has the jurisdiction and authority to award attorneys fees under the Individual With Disabilities Education Act, applicable Florida statutes and the Florida Administrative Code. See 20 U.S.C. §1415(i)(3)(B) and Florida Administrative Code Rule 6A-6.03311(9)(x)1.

13.     Although the IDEA provides for an award of attorneys fees under certain

3

circumstances, the IDEA does not authorize such a determination or an award by an administrative

law judge or hearing officer.   Instead, the "Administrative procedures" subsection of the Act

provides in 20 U.S.C. §1415(i)(3) in relevant part as follows:

> (3) Jurisdiction of district courts; attorneys' fees
>
> > (A) In general
> > The district courts of the United States shall have jurisdiction of
> > actions brought under this section without regard to the amount in
> > controversy.
> >
> > (B) Award of attorneys' fees
> >
> > (i) In general
> >
> > **In any action or proceeding brought under this section, the court,
> > in its discretion, may award reasonable attorneys' fees as part of
> > the costs- -** (emphasis added)
> >
> > > (I) to a prevailing party who is the parent of a child with a
> > > disability;

14.     The federal courts have consistently held that while attorneys fees are available for

mandatory administrative proceedings brought under the IDEA; the courts (Federal District Courts

or State Trial Courts) have the jurisdiction and authority to award such fees as part of the costs.

Hearing officers or administrative law judges lack the authority to do so.  See *Mathern v. Campbell

County Children's Center*, 674 F. Supp 816 (D. Wy. 1987) (administrative agency lacked

jurisdiction to award attorneys fees under the Education of the Handicapped Act), *El Paso

Independent School District v. Richard R.*, 591 F. 3d 417, 422 at N. 4 (5th Cir. 2009) (an

administrative hearing officer does not have the authority to award attorneys fees to a party who

prevails at an administrative hearing); and *Zipperer v. School Board of Seminole County, Florida*,

111 F. 3d 847, 851 (11th Cir. 1997) ("[t]he district court, rather than the administrative agency, has

4

jurisdiction to award fees...." for an administrative hearing under the IDEA).

15.     Similarly, Florida law is well settled that in the absence of a contract or statutory grant of authority, Florida administrative law judges do not have the jurisdiction and authority to award attorney fees. See *Friends of Nassau County, Inc., v. Nassau County*, 752 So.2d 42, 53 at N.13 (Fla. 1st DCA 2000) ("an administrative law judge's award of attorneys fees must be based upon statutory or contractual authority."). *A.L. v. Jackson County School Board*, 127 So.3d 758 (Fla. 1st DCA 2013) (School Board not entitled to attorneys fee award following administrative law judge's denial of parent's request for a due process hearing under the IDEA because it was not a proceeding in which the administrative law judge was authorized by statute to award attorneys fees.) *Daniels v. Florida Department of Health*, 898 So.2d 61 (Fla. 2005) (statutes providing for attorneys are an abrogation of the common law and are strictly construed so that where statute is clear and unambiguous the plain and ordinary meaning must control).

16.     Under Florida law, IDEA due process hearings do not constitute an administrative proceeding under Chapter 120, Florida Statutes, and are exempt from Florida Statutes which authorize administrative law judges to award attorneys fees and administrative proceedings under Chapter 120. See *A.L. v. Jackson County School Board*, 127 So.2d 758, 759 (Fla. 1st DCA 2013). Instead, IDEA due process hearings are conducted pursuant to rules adopted by the Florida Department of Education (Rule 6A-6.03311(9) which "includes its own provision authorizing **court-awarded** attorneys fees pursuant to the requirements of subparagraph (x)"). *A.L. v. Jackson County, School Board, supra* at n.1 (emphasis added). Rule 6A-6.03311(9)(x) provides in relevant part as follows:

>     1.     In any due process hearing or subsequent judicial proceeding brought under this rule, **the court**, in its discretion, may award reasonable

attorneys fees as part of the cost to:

a.    the prevailing party who is the parent of a student with a disability; (emphasis added)

17.    Since the administrative law judge lacked the jurisdiction and authority to award attorneys fees and costs to J.A.B., the award of attorneys fees and costs set forth in Exhibit B should be quashed, vacated and/or reversed.

WHEREFORE, the Plaintiff School Board requests that the Court enter a final judgment quashing, vacating and or reversing the award of attorneys fees set forth in Exhibit B based upon the reasons and authorities stated above.

Dated: December 4, 2017

Respectfully submitted,

/s/Michael T. Burke
Michael T. Burke, Esquire (338771)
Burke@jambg.com
Cardona@jambg.com
Johnson, Anselmo, Murdoch,
Burke, Piper & Hochman, P.A.
2455 East Sunrise Blvd., Suite 1000
Fort Lauderdale, Florida 33304
Telephone: 954-463-0100
*Counsel for Plaintiff School Board*