**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 0:17-cv-62371-UU

SCHOOL BOARD OF BROWARD COUNTY,
FLORIDA,

       Plaintiff,

v.

C.B. individually and as parent of J.A.B.,
a minor,

       Defendant.

_____/

**ORDER**

THIS CAUSE comes before the Court upon Plaintiff's Motion for Judgment on the Record and for Summary Judgment (the "Motion"). D.E. 17.

THE COURT has considered the Motion, the pertinent portions of the record and is otherwise fully advised in the premises. For the reasons set forth below, the Motion is granted.

### I.   Factual Background[1]

#### A.  The Parties

Plaintiff is a governmental entity organized under the laws of the State of Florida, operating public schools in Broward County, Florida (the "School Board"). D.E. 20 ¶ 5(a). Among the educational services provided by Plaintiff are special education services under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq.*, ("IDEA"). *Id.* Defendant C.B. is a resident of Broward County, Florida and is the parent of J.A.B., a child who receives special education services, including weekly language therapy, from the School Board due to his autism and language impairment. *Id.* ¶ 5(b).

---

[1] Unless otherwise indicated the facts are taken from the administrative record and the parties' pretrial stipulation.

B.  The IDEA

The IDEA grants financial assistance to States that provide educational services to disabled children consistent with the IDEA's standards and requirements in order to ensure that disabled children receive a Free and Appropriate Public Education ("FAPE"). § 1400. The IDEA requires that educational institutions develop an individualized education program ("IEP"), in collaboration with parents and school officials, that addresses each disabled student's educational needs. 20 U.S.C. § 1412(a)(4), 1414(d)(4)(a). If the parents of the child or the school district dispute the IEP or its implementation, they can file a complaint with the relevant State administrative agency and obtain a due process hearing before a hearing officer or administrative law judge to resolve the dispute. 20 U.S.C. § 1415(f)(1)(a). In Florida, such due process hearings are conducted by an administrative law judge from the Florida Division of Administrative Hearings pursuant to a contract between the Florida Department of Education and the Florida Division of Administrative Hearings. Fla. Stat. 1003.57(1)(c). If the school or the parents dispute the outcome of the due process hearing, they may file an appeal with the appropriate state court or United States District Court. 20 U.S.C. § 1415(i)(2)(A).[2] A district court also has the power to award "reasonable attorneys' fees" to the parent of a child with a disability who was the "prevailing party" at the due process hearing. 20 U.S.C. § 1415(i)(3)(B). In 2004 Congress reauthorized the IDEA, subject to certain changes to the IEP process.

C.  The Administrative Hearing

On November 10, 2016, the School Board finalized an IEP reducing the amount of weekly language therapy J.A.B. was to receive. D.E. 20 ¶ 5(e); D.E. 1-1 ¶¶ 16-17. On November 29,

---

[2] 20 U.S.C. § 1415(i)(2)(A) provides that those who do not have a right to an appeal under 20 U.S.C. § 1415(g) may bring suit in district court. Section 1415(g) provides the appeal procedures for those states that have a two-tiered administrative due process system, but Florida does not have such a system and therefore Plaintiff has the right to bring a civil action in this Court for an appeal of the ALJ's Order on Attorneys' Fees. 20 U.S.C. § 1415(i)(2)(A).

2016, J.A.B., through his mother, C.B., filed a request for a due process hearing, which was forwarded to the Florida Department of Administrative Hearings for further proceedings before Administrative Law Judge Jessica E. Varn (the "ALJ"). D.E. 20 ¶ 5(f); *J.A.B. Petitioner, v. School Board of Broward County, Florida*, Case No. 16-7021E, State of Florida Division of Administrative Hearings (Administrative Law Judge Jessica E. Varn). The due process request alleged: (1) that the November 10, 2016, IEP was finalized without C.B., and the classroom teacher being present at the IEP meeting, (2) that the IEP overstated J.A.B.'s need for intensive instruction in an Exceptional Student Education classroom and therefore denied J.A.B. a FAPE under the IDEA, and (3) that J.A.B. had been removed from the Florida State Standards Curriculum without his mother's consent. D.E. 1-1 at 2. The School Board responded to the complaint and admitted that the IEP meeting had been convened without C.B. being present. D.E. 1-1 at 7-8. On April 18, 2017, the ALJ issued an Amended Final Order, finding that the IEP was prepared and implemented without parental input in violation of the IDEA, that J.A.B. was entitled to 30 minutes of weekly language services as compensation, and that J.A.B. was entitled to attorney's fees and costs under Florida Administrative Code Rule 6A-6.03311(9)(x). D.E. 1-1 at 18. The ALJ dismissed all of J.A.B.'s remaining claims. *Id.*

The parties were unable to agree on the amount of attorneys' fees to be awarded and consequently, C.B. filed a motion for attorney's fees and costs before the ALJ on June 1, 2017. D.E. 22-1. The School Board responded to the motion on June 12, 2017, arguing that the ALJ had no authority to award attorney's fees. D.E. 22-2. In the alternative, the School Board argued that J.A.B. should not have been awarded attorney's fees because J.A.B. had not been the "prevailing party" at the due process hearing, and the relief finally awarded to J.A.B. was less than Plaintiff's previous settlement offer. D.E. 1-2 at 2. Both parties agreed that no further

evidence was required to resolve this dispute. *Id.* On September 7, 2017, the ALJ issued a decision finding that she had jurisdiction to award attorneys' fees and she awarded J.A.B. attorneys' fees in the amount of $16,706.00 and costs in the amount of $3,629.95 (the "Order on Attorneys' Fees"). D.E. 1-2. On December 4, 2017, Plaintiff filed this action appealing the ALJ's Order on Attorneys' Fees pursuant to 20 U.S.C. § 1415(i)(2). D.E. 1.

## II.     Procedural Background

On December 4, 2017, the School Board filed its complaint against Defendant, appealing the ALJ's Order on Attorneys' Fees. On January 4, 2018, Defendant filed its Answer, Affirmative Defenses and Counterclaims, D.E. 6. Defendant's Affirmative Defenses are failure to state a claim, lack of subject-matter jurisdiction, and waiver. *Id.* Defendant's counterclaims include: a demand that the Court enforce the ALJ's Order on Attorneys' Fees (Count One), a separate judgment against Plaintiff for attorney's fees and costs (Count Two), violations of 42 U.S.C. § 1983 (Count Three), violations of Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131-12165 (the "ADA") (Count Four), and violations of Section 504 of the Rehabilitation Act 29 U.S.C. § 706 (Count Five). D.E. 6. Plaintiff answered Defendant's counterclaim on January 22, 2018. D.E. 7.

On February 9, 2018, the Court entered its Scheduling Order for Pretrial Conference and Trial, setting a dispositive motion deadline of June 1, 2018. D.E. 9. On the deadline, Plaintiff filed its Motion for Judgment on the Record and Motion for Summary Judgment (the "Motion"). D.E. 17. In the Motion, Plaintiff argues that it is entitled to a judgment on the record as to its claim that the ALJ lacked jurisdiction to award Defendant fees under the IDEA and Florida law. D.E. 17. The Motion also argues that Plaintiff is entitled to judgment in its favor on each of

Defendant's counterclaims and affirmative defenses. *Id.* The Motion is fully briefed and ready for disposition.

**III.**    **Legal Standard**

 "A Motion for Judgment on the Record, in the context of the IDEA, is a request that the Court enter a final judgment in what is essentially 'a bench trial on a stipulated record.'" *Slama ex rel. Slama v. Indep. Sch*. Dist. No. 2580, 259 F. Supp. 2d 880, 882 (D. Minn. 2003) (quoting *Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1472 (9th Cir.1993), cert. denied, 513 U.S. 825, (1994). Under this form of review, the usual Rule 56 summary judgment principles are inapplicable and the Court may make decisions on the merits based on a preponderance of the evidence even in the face of disputed issues of material fact. *Loren F. ex rel. Fisher v. Atlanta Indep. Sch. Sys*., 349 F.3d 1309, 1313 (11th Cir. 2003) ("[S]ummary judgment [in IDEA cases] has been deemed appropriate even when facts are in dispute, and is based on a preponderance of the evidence.").

 "In a judicial proceeding under the IDEA, a reviewing court is required to conduct a modified de novo review, giving 'due weight' to the underlying administrative proceedings." *M.L. v. Fed. Way Sch. Dist.*, 341 F.3d 1052, 1061 (9th Cir.), opinion withdrawn, 351 F.3d 957 (9th Cir. 2003) (citing *Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist., Westchester County v. Rowley*, 458 U.S. 176, 206 (1982)). The Court "[m]ust be careful not to substitute its judgment for that of the state educational authorities." *Walker Cnty. Sch. Dist. v. Bennett*, 203 F.3d 1293, 1297 (11th Cir.2000).

 Although district courts must afford judicial deference to the local administrative agency judgment, such deference is "[t]ypically limited to matters calling upon educational expertise." *Loren*, 349 F.3d at 1314 n.5 (citation omitted). "But the ALJ is not entitled to blind deference.

The District Court is free to accept the ALJ's conclusions that are supported by the record and reject those that are not … At the same time, when the District Court rejects the ALJ's conclusions, it is obliged to explain why." *R.L. v. Miami-Dade Cty. Sch. Bd*., 757 F.3d 1173, 1178 (11th Cir. 2014) (internal quotations and quotation marks omitted). "Where the district court does not receive any additional evidence or testimony, this court stands in the same shoes as the district court in reviewing the administrative record and may, therefore, accept the conclusions of the ALJ and district court that are supported by the record and reject those that are not." *Loren*, 349 F.3d at 1314 (quotation and internal quotation marks omitted).

### IV.   Analysis

#### A.   Plaintiff's Claims

Plaintiff argues that it is entitled to judgment on the record on its claim that the ALJ lacked jurisdiction to award Defendant attorneys' fees under the IDEA and Florida law. D.E. 17. This is a pure question of law that the Court considers *de novo*. *Harris v. D.C*., 561 F. Supp. 2d 63, 67 (D.D.C. 2008) ("When review of an administrative decision under the IDEA focuses solely on statutory interpretation, such an inquiry is a pure question of law that courts review *de novo*.") (quotation and internal quotation marks omitted). Plaintiff also argues that it is entitled to judgment on each of Defendant's counterclaims. D.E. 17. Neither party has provided any evidence beyond the administrative record and, because this is an IDEA appeal, the usual burden-shifting analysis of Rule 56 is not applicable. *Heather S. v. State of Wis*., 125 F.3d 1045, 1052 (7th Cir. 1997) (explaining that in an IDEA case "[w]hen neither party has requested that the district court hear additional evidence … there is nothing new presented only to the district court; thus [t]he motion for summary judgment is simply the procedural vehicle for asking the judge to decide the case on the basis of the administrative record.") (citation omitted) (emphasis

added); *Loren,* 349 F.3d at 1313 ("[t]he usual F.R. Civ. P. 56 summary judgment principles do not apply in an IDEA case."). Thus, the only issues for the Court to decide are whether the ALJ had jurisdiction to award attorneys' fees as a matter of law and whether Plaintiff is entitled to judgment on Defendant's counterclaims based on the administrative record. *Id.*; *Cobb Cty. Sch. Dist. v. A.V. ex rel. W.V.*, 961 F. Supp. 2d 1252, 1256 (N.D. Ga. 2013) (construing motions labelled as motions for summary judgment as motions for judgment on the record in IDEA case).

       B.  <u>ALJ's Authority to Award Attorneys' Fees</u>

Plaintiff argues that the ALJ erred in finding that she had authority to award attorneys' fees because only a United States District Court or a Florida State Court "[h]as the jurisdiction and authority to award attorney's fees under the IDEA, applicable Florida Statutes, and the Florida Administrative Code." D.E. 17 at 4. The Court will begin by reviewing the ALJ's Order on Attorneys' Fees and then Defendant's arguments in support of the ALJ's determination. D.E. 1-2.[3]

       1.  <u>ALJ's Authority to Award Attorneys' Fees Under the IDEA</u>

The ALJ found that the IDEA itself did not confer authority on ALJs to award attorneys' fees. D.E. 1-2. Indeed, the law is clear that under the IDEA, only courts may award attorney's fees. 20 U.S.C. § 1415(i)(3)(B)(i) ("[I]n any action or proceeding brought under this section, <u>the court</u>, in its discretion, may award reasonable attorneys' fees as part of the costs….") (emphasis added); *Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy,* 548 U.S. 291, 291 (2006) (explaining that 20 U.S.C. § 1415(i)(3)(B) "permits a <u>court</u> to award reasonable attorneys' fees as part of the costs to prevailing parents.") (emphasis added); *El Paso Indep. Sch. Dist. v. Richard R.*, 591 F.3d 417, 422 n.4 (5th Cir. 2009) ("An administrative hearing officer's order provides the requisite

---

[3] With a few exceptions, Defendant's arguments largely expand on the ALJ's arguments in her Order on Attorneys' Fees. *Compare* D.E. 1-2 *with* D.E. 22.

'judicial imprimatur' for a party to be considered a 'prevailing party' for attorney's fee purposes, despite the fact that the administrative hearing officer does not have the authority to award attorney's fees [under the IDEA].”); *Meridian Joint Sch. Dist. No. 2 v. D.A.*, 792 F.3d 1054, 1064 (9th Cir. 2015) (“The fact that the hearing officer may not award attorneys' fees weighs in favor of holding that a request for attorneys' fees filed in the district court is not ancillary to the judicial review of the administrative decision.”); *Zipperer By & Through Zipperer v. Sch. Bd. of Seminole Cty., Fla.,* 111 F.3d 847, 851 (11th Cir. 1997) (“[t]he district court, rather than the administrative agency, has jurisdiction to award fees….”).

However, the ALJ found that the IDEA permits States to authorize ALJs to award attorneys' fees as a matter of State law. D.E. 1-2. In support, the ALJ pointed to the discussion in the Federal Register of the final regulations that originally implemented the IDEA:

> “Based upon the absence of consensus, the Department will continue to allow maximum flexibility to States for structuring the process by which parents who are prevailing parties under Part B of the Act may request attorneys' fees reimbursement … States could choose as a matter of State law to permit hearing officers to award attorneys' fees to parents who are prevailing parties under Part B of the Act, and not to require that they do so, or imply that IDEA would be the source of the authority for granting hearing officers that role. If a State allows hearing officer's to award attorney's fees, requirements regarding training on attorneys fees would be a State matter.”
> D.E. 1-2 (quoting 64 Fed. Reg. 12615 (March 12, 1999)) (emphasis added).

Plaintiff argues that this explanation in the Federal Register is not law and therefore cannot be a source of authority for the proposition that the IDEA allows States to permit ALJs to award attorneys' fees. D.E. 17 at 6. Defendant does not address this point, but Plaintiff is correct; the cited text in the Federal Register is merely a summary of comments and discussions on the attorneys' fees regulations in the IDEA that occurred prior to the issuance of the final regulations. *See* 64 Fed. Reg. 12615 (March 12, 1999).[4]

---

[4] Moreover, as Plaintiff rightly notes, the ALJ selectively quoted the Federal Register and the full cited text actually discusses a proposed note authorizing States to permit ALJs to award attorneys' fees, which was not included in the

While the Federal Register is not law, Defendant argues that the IDEA does not expressly prohibit ALJs from awarding attorneys' fees. D.E. 22 at 7. In addition, Defendant argues that States "can expand upon what is provided in the IDEA as long as its actions are not prohibited by, or in conflict with federal law," D.E. 22 at 2, and the ALJ found that Florida expanded upon the IDEA to enable ALJs to award attorneys' fees as a matter of Florida State law. *See* U.S. Const., Amdt. 10 ("The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people."). However, the Court need not resolve whether the IDEA generally allows States to authorize ALJs to make fee awards because the Florida regulation from which the ALJ sourced her authority plainly does not permit her to award such fees.[5]

### 2.  ALJ's Authority to Award Attorneys' Fees Under Florida Law

The ALJ found that in Rule 6A-6.03311(9)(x) of the Florida Administrative Code, Florida granted ALJs the authority to award attorneys' fees. D.E. 1-2 (citing Fla. Admin. Code Ann. r. 6A-6.03311). Specifically, the ALJ found that references to "due process hearing" and "the Court or ALJ" in Rule 6A-6.03311(9)(x) indicated that the Florida Department of Education authorized ALJs to award attorneys' fees in due process hearings:

---

Notice of Proposed Rulemaking or in the final United States Department of Education regulation on attorneys' fees under the IDEA. D.E. 17; 34 C.F.R. 300.517.

[5] Plaintiff relies on *A.L. ex rel. P.L.B. v. Jackson Cty. Sch. Bd.*, 127 So. 3d 758, 759 (Fla. Dist. Ct. App. 2013) and *Friends of Nassau Cty, Inc., v. Nassau Cty*., 752 So.2d 42, 53 at N.13 (Fla. 1st DCA 2000), to argue that under Florida law, in the absence of contractual or statutory authority, ALJs do not have the authority to award attorneys' fees. D.E. 17. However, as Defendant rightly notes, these cases do not support its argument. D.E. 22 at 6-9. *A.L.*, 127 So. 3d 758 merely held that an ALJ could not award attorneys' fees in an IDEA case under Fla. Stat. 57.105(5). The ALJ in this case awarded fees under Rule 6A-6.03311(9)(x). *Friends of Nassau Cty, Inc*., 752 So.2d 42, 53 states that an administrative law judge's award of attorneys' fees must be based in contractual or statutory authority, but as Defendant rightly points out, Fla. Stat. 1003.57(1)(c) states that due process hearings are conducted by ALJs "pursuant to a contract between the Department of Education and the Division of Administrative Hearings." Moreover, *Friends of Nassau Cty* involved a matter under Fla. Stat. 120.57, and *A.L.* specifically held that IDEA due process hearings were not "administrative proceedings under chapter 120." *A.L.*, 127 So. 3d 758.

"(x) Attorneys' Fees.

1. **In any due process hearing** or subsequent judicial proceeding brought under this rule, **the court**, in its discretion, may award reasonable attorneys' fees as part of the costs to:
a. The prevailing party who is the parent of a student with a disability …

3. Award of fees. **A court** awards reasonable attorneys' fees under this paragraph consistent with the following …

b. Attorneys' fees may not be awarded and related costs may not be reimbursed **in any due process hearing or judicial proceeding** for services performed subsequent to the time of a written offer of settlement to a parent if the offer is made within the time prescribed by Rule 68 of the Federal Rules of Civil Procedure **or, in the case of a due process hearing**, at any time more than ten (10) days before the hearing begins; the offer is not accepted within ten (10) days; **and the court or ALJ** finds that the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement. An award of attorneys' fees and related costs may be made, however, to a parent who is the prevailing party and was substantially justified in rejecting the settlement offer."
D.E. 1-2 at 4-5 (quoting Fla. Admin. Code Ann. r. 6A-6.033119(x) (2014) (emphasis added).

Neither the ALJ nor Defendant explicitly states why this highlighted language compels the conclusion that ALJs have the authority to award attorney's fees. *See* D.E. 1-2; D.E. 22. However, the Court construes the argument to be that because ALJs hold due process hearings under Florida law and the IDEA, the references to attorneys' fees awarded "in any due process hearing" in Rule 6A-6.03311 means that ALJs must be able to award attorneys' fees. *See* 34 C.F.R. § 300.511; Fla. Admin. Code Ann. r. 6A-6.033119.

"The intention and meaning of the Legislature must primarily be determined from the language of the statute itself and not from conjectures *aliunde*. When the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning." *A.R. Douglass, Inc., v. McRainey*, 102 Fla. 1141, 1144 (1931) (citation omitted); *Daniels v. Fla. Dep't of Health*, 898 So. 2d 61, 65 (Fla. 2005) ("Because statutes providing for attorney's fees are in abrogation of the common law, such statutes are to be

strictly construed."); *State v. Gaulden*, 134 So. 3d 981, 983 (Fla. Dist. Ct. App. 2012) ("Courts should … explore legislative history only when the statutory language is unclear.").

Plaintiff argues that although Rule 6A-6.03311(9)(x) references due process hearings, the plain language of Rule 6A-6.03311(9)(x) provides that "**the court**, in its discretion, may award reasonable attorneys' fees…" *id.* (emphasis added). This Court agrees with Plaintiff; the Rule expressly grants *courts* the authority to award attorneys' fees, not ALJs. *Cf. Snell v. Mott's Contracting Services, Inc.*, 141 So. 3d 605, 609 (Fla. 2nd DCA 2014) (holding that arbitrator could not award attorneys' fees under Florida Statute 713.29 because it only permitted courts to award fees).[6] Moreover, under Florida law "[i]t is axiomatic that all parts of a statute must be read together in order to achieve a consistent whole." *Forsythe v. Longboat Key Beach Erosion Control Dist.*, 604 So. 2d 452, 455 (Fla. 1992). The subsections of Rule 6A-6.03311(9)(x) discuss the procedures that <u>the court</u> must follow and the criteria that <u>the court</u> must consider in awarding attorneys' fees; there is no reference to ALJs. For example, Section 3: "Award of Fees" discusses how <u>courts</u> should calculate attorneys' fees:

> "3. Award of fees. **A court** awards reasonable attorneys' fees under this paragraph consistent with the following … Fees awarded must be based on rates prevailing in the community…." Fla. Admin. Code Ann. r. 6A-6.033119(x)(3) (emphasis added)

Similarly, Section 4 discusses situations in which <u>the court</u> must reduce attorneys' fees:

> "4. Except as provided in paragraph (e) of this subsection, **the court reduces**, accordingly, the amount of the attorneys' fees awarded, **if the court finds** that … The parent, or the parent's attorney, during the course of the action or proceeding, unreasonably protracted the final resolution of the controversy …
>
> e. The provisions of subsection (4) of this subsection do not apply in any action or proceeding **if the court** finds that the Department of Education or the school district unreasonably protracted the final resolution of the action or proceeding…."

---

[6] Defendant attempts to distinguish this case by arguing that the Florida Statutes at issue in *Snell* distinguished arbitration and court, but "there is no similar distinction found within F.A.C. 6A-6.03311." D.E. 22 at 8. However, that distinction formed only one part of the court's argument. Much like this Court, the *Snell* court relied on the plain meaning of the statutes and of "court" to find that the statute did not permit arbitrators to award attorneys' fees.

Fla. Admin. Code Ann. r. 6A-6.033119(x)(4) (emphasis added).

None of these sections contemplates that the ALJ will award fees or reduce an attorneys' fees award.

The ALJ also emphasized the reference to "the Court or ALJ" in Rule 6A-6.033119(x)(3)(b) to support the contention that ALJs have authority to award attorneys' fees in due process hearings:

> "b. Attorneys' fees may not be awarded and related costs may not be reimbursed **in any due process hearing or judicial proceeding** for services performed subsequent to the time of a written offer of settlement to a parent if … **the court or ALJ** finds that the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement…."
> Fla. Admin. Code Ann. r. 6A-6.033119(x) (emphasis added).

Plaintiff argues that the reference to the "Court or ALJ" merely permits the ALJ to determine if, following an offer of settlement, the relief finally awarded at the due process hearing was more favorable to the parents than the offer of settlement. D.E. 17. The Court agrees with Plaintiff. The plain language of the rule merely permits an ALJ or a court to determine if the relief finally obtained by the parents is more or less favorable than the offer of settlement; it does not extend the ALJ's authority to award attorneys' fees. Thus, the ALJ erred in finding that Rule 6A-6.033119(x) granted her the authority to award attorneys' fees because its plain language grants the authority to award and reduce attorneys' fees to the courts, not ALJs.

Although Rule 6A-6.033119(x) clearly states that only courts may award attorneys' fees, it is not clear why Rule 6A-6.033119(x) states that courts may award reasonable attorneys' fees "in any due process hearing," because as Defendant rightly notes, under the IDEA and Fla. Stat. 1003.57(1)(c), ALJs, not courts, perform due process hearings. *See* 34 C.F.R. 303.433; Rule 6A-6.03311(9). Thus, a brief inquiry into the rule's legislative history is warranted to clarify the meaning of "due process hearings" in the Rule. *Gaulden*, 134 So. 3d 981, 983.

The ALJ further found that the references to "due process hearing" in Rule 6A-6.03311(9)(x) were inserted in a 2008 amendment to the rule by the Florida Department of Education to expand an ALJ's jurisdiction to award fees in IDEA cases. D.E. 1-2 at 4-6. The previous version of the rule, in effect from September 20, 2004, through December 21, 2008, stated as follows:

> "(a) A district court of the United States or a state circuit court may award reasonable attorney's fees as part of the costs to the parents of a child with disabilities who is a prevailing party in a due process hearing or in a subsequent judicial proceeding."
> Fla. Admin. Code Ann. r. 6A-6.03311 (2004) (emphasis added)

The 2008 version of the rule, which is consistent with the current iteration, provided:

> "(x) Attorneys' Fees.
> 1. In any due process hearing or subsequent judicial proceeding brought under this rule, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to…"
> Fla. Admin. Code Ann. r. 6A-6.033119(x) (2008).

Defendant attempts to bolster the ALJ's conclusion in this regard by arguing that the Notice of Proposed Rule, in the Florida Administrative Register, which described the purpose of the amendment, indicated that the Florida Department of Education amended the language to grant ALJs more discretion in conducting hearings, including the making of fee awards:

> "PURPOSE AND EFFECT: The purpose of the proposed amendments are to align Florida's administrative rules related to the provision of services to students with disabilities with the 2004 reauthorization of the Individuals with Disabilities Education Act (IDEA) and its implementing regulations … Rule 6A-6.03311, F.A.C., is proposed for amendment to align the requirements related to procedural safeguards and due process procedures for parents and students with disabilities with the requirements under IDEA and its implementing regulations. Specific details regarding pre-hearing and hearing procedures are proposed for deletion as they are not federal requirements and **in order to provide more discretion to administrative law judges (ALJs)** regarding how hearings are conducted while maintaining the minimum federal requirements.
> Vol. 34, No. 21, Fla. Admin. Weekly, 2712 (May 23, 2008) (emphasis added).

To be sure, the Notice of Proposed Rule sought to "provide more discretion to [ALJs] regarding how hearings are conducted, while maintaining minimum federal requirements" *Id.* (emphasis

added). But, providing more discretion to ALJs on how they conduct hearings does notexpressly or implicitly confer on ALJs the right to award attorneys' fees. Instead, the Notice of Proposed Rule makes clear that the overarching purpose of the amendments was to align Florida's administrative rules with the 2004 reauthorization of the IDEA, which does not permit ALJs to award attorney's fees:

> "PURPOSE AND EFFECT: The purpose of the proposed amendments **are to align Florida's administrative rules related to the provision of services to students with disabilities with the 2004 reauthorization of the Individuals with Disabilities Education Act (IDEA) and its implementing regulations** …
>
> Rule 6A-6.03311, F.A.C., is proposed for amendment **to align the requirements related to procedural safeguards and due process procedures for parents and students with disabilities with the requirements under IDEA and its implementing regulations**. **Specific details regarding pre-hearing and hearing procedures are proposed for deletion as they are not federal requirements** and in order to provide more discretion to administrative law judges (ALJs) regarding how hearings are conducted **while maintaining the minimum federal requirements.**"
> *Id*. (emphasis added).

As Plaintiff rightly notes, the amended Rule 6A-6.03311(x) is an almost verbatim copy of the IDEA's regulations on attorneys' fees in the CFR. *Compare* Fla. Admin. Code Ann. r. 6A-6.033119(x) (2008), *with* 34. C.F.R. § 300.517. The phrase "[i]n any due process hearing or subsequent judicial proceeding," in Rule 6A-6.033119(x) is a reference to the phrase "any action or proceeding under section 615(i)(3) of the Act" in the CFR because the actions and proceedings under Section 615 of the IDEA (codified at 20 U.S.C. § 1415) include due process hearings and appeals to courts. *See* 20 U.S.C. § 1415; *Compare* Fla. Admin. Code Ann. r. 6A-6.033119(x)(3)(b) ("Attorneys' fees may not be awarded and related costs may not be reimbursed <u>in any due process hearing or judicial proceeding</u> for services performed subsequent to the time of a written offer of settlement….") (emphasis added), *with* 34 C.F.R. § 300.517(b)(c)(2)(i) ("Attorneys' fees may not be awarded and related costs may not be

reimbursed in any action or proceeding <u>under section 615 of the Act</u> for services performed subsequent to the time of a written offer of settlement….") (emphasis added). Thus, the 2008 amendment to Rule 6A-6.03311(x) from "A district court of the United States or a state circuit court may award reasonable attorney's fees" to "In any due process hearing or subsequent judicial proceeding brought under this rule, the court, in its discretion, may award reasonable attorneys' fees" merely reflects an alignment of Florida's administrative rules with the 2004 reauthorization of the IDEA, which does not permit ALJs to award attorneys' fees.

In sum, the ALJ lacked jurisdiction to award attorneys' fees because the plain language of Florida Administrative Code Rule 6A-6.03311(x) only permits courts to award attorneys' fees and the legislative history of the 2008 amendment to Rule 6A-6.03311 makes clear that the reference to "due process hearings" is merely a reference to "proceedings under section 615 of the Act" in the IDEA.

## A. Defendant's Affirmative Defenses

Defendant's Answer contains four affirmative defenses: (1) failure to state a claim under Rule 12(b)(6) because the complaint does not identify a cause of action; (2); failure to state a claim under Rule 12(b)(6) because the ALJ had jurisdiction to award fees; (3) lack of subject matter jurisdiction because Plaintiff's appeal was not timely; and (4) Plaintiff waived its right to contest the amount of fees because it never raised those issues in the due process hearing. D.E. 6. None of these defenses preclude judgment in Plaintiff's favor on its claim that the ALJ lacked jurisdiction to award fees. D.E. 17.

### 1. Defendant's First and Second Affirmative Defenses

Defendant's First and Second Affirmative Defenses argue that Plaintiff failed to state a claim because it failed to identify a cause of action and because the ALJ had jurisdiction to

award fees, respectively. D.E. 6. These are not affirmative defenses because they merely point out alleged defects in Plaintiff's complaint. *Tomason v. Stanley*, 297 F.R.D. 541, 546 (S.D. Ga. 2014) (holding that failure to state a claim is not an affirmative defense because "it is a defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiffs valid prima facie case.") (citation omitted). Moreover, Defendant's Second Affirmative Defense merely parrots Defendant's argument in its response in opposition to Plaintiff's Motion and the Court has already held that the ALJ lacked authority to award attorneys' fees. Therefore judgment is granted in favor of Plaintiff as to Defendant's First and Second Affirmative Defense.

## 2.   Defendant's Third Affirmative Defense

Defendant's Third Affirmative Defense argues that Plaintiff's complaint is not timely. D.E. 6. Specifically, Defendant argues that the IDEA imposes a 90-day statute of limitations for appeals of due process hearings and Plaintiff brought suit on December 4, 2017, D.E. 1, more than 90-days after the ALJ issued her Amended Final Order on April 18, 2017. D.E. 6 (citing 20 U.S.C. § 1415(i)(2)(B)). However, as Plaintiff rightly notes, the final decision on attorneys' fees was not entered until September 7, 2017, D.E. 1-2, and Plaintiff brought its complaint challenging that motion on December 4, 2017, well within the 90-day statute of limitations under the IDEA. 20 U.S.C. § 1415(i)(2)(B); *see also Jenkins v. Butts Cty. Sch. Dist.*, 984 F. Supp. 2d 1368, 1374 (M.D. Ga. 2013) (finding that 90-day appeal window began running from date of the order that made a final determination on the merits of the claim not on the motion for reconsideration). Moreover, Defendant appears to have abandoned or waived this affirmative defense. D.E. 6.[7] Although this defense was raised in its Answer and Affirmative Defenses, in

---

[7] Defendant correctly notes that Plaintiff cannot appeal any substantive issues in the ALJ's Amended Final Order, as it did not timely appeal those issues to this court.

Defendant's response to Plaintiff's Motion, Defendant states: "[t]he District in its motion argues that they have timely filed this appeal. The Defendant agrees that the issue regarding the ALJ's authority to award fees in an administrative hearing is properly before this Court." D.E. 22 at 13; *Wall Twp. Bd. of Educ. v. C.M.*, 534 F. Supp. 2d 487, 493 (D.N.J. 2008) ("Congress intended for Section 1415(i)(2)(B) to be treated as a statute of limitations subject to waiver, estoppel, and equitable tolling."); *Guevara v. Republica Del Peru,* No. 04-23223-CIV, 2008 WL 11333432, at *6 (S.D. Fla. Nov. 7, 2008) (finding affirmative defenses abandoned where they were not raised in opposition to motion for summary judgment); *United States v. Kafleur*, 168 F. App'x 322, 327 (11th Cir. 2006) (finding defendant's affirmative defenses abandoned where they were pled in answer but not mentioned in motion for summary judgment or in opposition to plaintiff's motion for summary judgment).[8] Accordingly, the Court will treat this defense as abandoned or waived.

### 3.  Defendant's Fourth Affirmative Defense

Defendant's Fourth Affirmative Defense argues that Plaintiff has waived any right to appeal the specific amount of fees and costs awarded by the ALJ because Plaintiff did not raise those issues in the due process hearing. D.E. 6. However, Plaintiff's Motion only makes this motion in the alternative if the Court finds that the ALJ had authority to award fees. D.E. 17 at 8 ("Should the Court find that the ALJ had jurisdiction to award attorney's fees, which it should

---

[8] Moreover, as Plaintiff rightly notes, the final decision on attorneys' fees was not entered until September 7, 2017, D.E. 1-2, and Plaintiff brought its complaint challenging that motion on December 4, 2017, well within the 90-day statute of limitations under the IDEA. 20 U.S.C. § 1415(i)(2)(B); *see also Jenkins v. Butts Cty. Sch. Dist.*, 984 F. Supp. 2d 1368, 1374 (M.D. Ga. 2013) (finding that 90-day appeal window began running from date of the order that made a final determination on the merits of the claim not on the motion for reconsideration).

not, the award of fees should be reduced….”). As the Court has found that the ALJ did not have jurisdiction to award fees, this defense is not applicable.[9]

Thus, Plaintiff is entitled to judgment on each of Defendant's affirmative defenses to the extent they are applicable and not waived.

### B.   Defendant's Counterclaims

Plaintiff also argues it is entitled to judgment on each of Defendant's counterclaims. Defendant brings five counterclaims against Plaintiff: (1) a demand that the Court enforce the ALJ's Order on Attorneys' Fees (Count One); (2) a separate request for attorneys' fees pursuant to, *inter alia*, 20 U.S.C.§ 1415(i)(2)(B) (Count Two); (3) claims that Plaintiff violated 42 U.S.C. § 1983 (Count Three), Title II the ADA (Count Four), and Section 504 of the Rehabilitation Act (Count Five) by failing to hold IEP meetings at a mutually convenient date and time and failing to develop an IEP with the input of the parent. D.E. 6. As discussed *supra*, neither party has presented any evidence outside of the administrative record and thus the Court must decide these counterclaims on the basis of the administrative record. *Heather S*., 125 F.3d at 1052.

### 3.   Defendant's First Counterclaim

Defendant's first counterclaim requests that the Court enforce the ALJ's Order on Attorneys' Fees. D.E. 6. Plaintiff argues that the ALJ's Order on Attorneys' Fees should not be enforced because the ALJ lacked jurisdiction to entire such an order. D.E. 17. As the Court has determined that the ALJ lacked authority to enter an award of attorneys' fees, judgment is entered in favor of Plaintiff on this count. *Cf. Indep. Sch. Dist. No. 283 v. S.D. by J.D*., 88 F.3d 556, 562 (8th Cir. 1996) (explaining that when an "administrative decision … is upheld on

---

[9] For the same reason, the Court does not discuss Plaintiff's contention that the ALJ's award of fees was too high and Defendant's argument that Plaintiff raised this issue for the first time in its motion for judgment on the record. D.E. 17; D.E. 22.

judicial review under IDEA, principles of issue and claim preclusion may properly be applied to short-circuit redundant claims under other laws.").

### 4.  Defendant's Second Counterclaim

Defendant's second counterclaim argues that Defendant is entitled to attorney's fees as the prevailing party at the due process hearing and requests that the Court award Defendant attorneys' fees pursuant to, *inter alia*, 20 U.S.C.§ 1415(i)(2)(B). Plaintiff argues that Defendant may not request attorneys' fees in a pleading, but instead must make a separate motion for attorneys' fees under the IDEA. D.E. 17 at 12. "The correct procedural method for obtaining an award of fees and costs [under the IDEA] is to file a motion, not a claim within a pleading." *DeKalb Cty. Sch. Dist. v. J.W.M*., 445 F. Supp. 2d 1371, 1379 (N.D. Ga. 2006); Fed. R. Civ. P. 54(d)(2) ("A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages."); *Fulton Cty. Sch. Dist. v. S.C. by & through E.C*., No. 1:07-CV-01907-MHS, 2008 WL 11417083, at *5 (N.D. Ga. Apr. 30, 2008). As Defendant has not filed a motion for attorneys' fees, judgment in favor of Plaintiff is granted on this counterclaim. Nevertheless, if Defendant so desires, it is entitled to file a motion for attorney's fees under the IDEA. 20 U.S.C. §1415(i)(3)(B).

### 5.  Defendant's Third, Fourth and Fifth Counterclaims

All three of Defendant's remaining counterclaims for violations of 42 U.S.C. § 1983 (Count Three), Title II of the ADA (Count Four), and Section 504 of the Rehabilitation Act (Count Five) are based on Plaintiff's failure to hold IEP meetings at a mutually convenient date and time and failing to develop an IEP with the input of C.B. D.E. 6. Plaintiff argues it is entitled to judgment on these counterclaims as a matter of law because Defendant failed to exhaust the

administrative remedies for these counterclaims as required by the IDEA, Defendant's counterclaims are untimely, and Defendant's ADA and Section 504 claims fail for factual reasons. D.E. 26. Because the Court finds that Defendant failed to exhaust her administrative remedies as to these claims, the Court does not reach Plaintiff's other arguments.

    a.  <u>Exhaustion</u>

The exhaustion of administrative review procedures is a prerequisite to commencing litigation under the IDEA. *See* 20 U.S.C. § 1415(b)(6); *M.T.V. v. DeKalb Cty. Sch. Dist*., 446 F.3d 1153, 1158 (11th Cir. 2006) ("[w]hether claims asserting the rights of disabled children are brought pursuant to the IDEA, the ADA, Section 504, or the Constitution, they must first be exhausted in state administrative proceedings."). Specifically, the Supreme Court has explained that if a claim seeks relief for the denial of a "free appropriate public education" ("FAPE") under the IDEA, even if it is brought under another law or statute (such as the ADA), then the party must bring that claim through the IDEA's administrative process before filing suit in a court. *Fry v. Napoleon Cmty. Sch*., 137 S. Ct. 743, 754 (2017). "The rationale is clear: plaintiffs cannot circumvent the IDEA's exhaustion requirement by suing for a FAPE deprivation under a different federal statute." *Durbrow v. Cobb Cty. Sch. Dist.*, 887 F.3d 1182, 1191 (11th Cir. 2018). To determine if a claim seeks relief for the denial of a FAPE courts look to the "[t]he crux—or, in legal-speak, the gravamen—of the plaintiff's complaint, setting aside any attempts at artful pleading." *Fry*, 137 S. Ct. at 754. The Supreme Court identified two questions to guide the inquiry into whether a complaint concerns the denial of a FAPE: (1) could the plaintiff have brought the same claim if the alleged conduct had occurred at a public facility that was not a school (e.g. a theater); and (2) could an adult at the school have brought the same grievance? *Fry*, 137 S. Ct. at 756. If the answer to both of these questions is no, then the complaint likely

seeks relief for a FAPE. *Id.* If the answer is yes, then the complaint likely seeks relief independent from denial of a FAPE. *Id.*

Plaintiff argues that Defendant's counterclaims for violations of § 1983, the ADA and § 504 are subject to exhaustion because they merely recast Defendant's claim for a denial of a FAPE based on Plaintiff's reduction of language therapy services at the IEP and failure to involve C.B. in the IEP's implementation. D.E. 17 at 13-15. Thus, Plaintiff argues that these claims could only be brought by a student covered by the IDEA. D.E. 26. Consequently, Plaintiff argues that because Defendant failed to raise these claims at that due process hearing, she failed to exhaust the administrative remedies available for those claims and they must be dismissed. D.E. 17 at 13-14; *Durbrow*, 887 F.3d at 1191 (explaining that "[s]ince the [plaintiffs'] § 504 and ADA claims neither received an administrative hearing nor a decision from the administrative officer, they were not exhausted."); *J.P. v. Cherokee Cty. Bd. of Educ.*, 218 F. App'x 911, 913 (11th Cir. 2007) ("[A] parent's failure to exhaust administrative remedies by requesting and participating in a due-process hearing will result in dismissal of the civil action.").

Although Defendant states that she exhausted her administrative remedies, the substance of her argument is that her counterclaims are not subject to exhaustion because: (1) the record clearly shows that reducing J.A.B.'s language therapy services at the IEP without input by C.B. constitutes evidence of deliberate and intentional discrimination against J.A.B. that goes beyond a violation of a FAPE; and (2) she is seeking additional damages and other relief not available under the IDEA; and (3) exhaustion would be futile. D.E. 22 at 16-17; *Durbrow v. Cobb Cty. Sch. Dist.*, No. 1:14-CV-00659-ELR, 2016 WL 10520953, at *2 (N.D. Ga. Mar. 14, 2016), aff'd, 887 F.3d 1182 (11th Cir. 2018) ("The exhaustion of the administrative remedies is not required where resort to administrative remedies would be 1) futile or 2) inadequate.") (citation omitted).

To be sure, not all ADA, § 1983, and Section 504 claims are subject to administrative exhaustion under the IDEA. *Fry*, 137 S. Ct. at 754; *Alboniga v. Sch. Bd. of Broward Cty. Fla.*, 87 F. Supp. 3d 1319, 1328–29 (S.D. Fla. 2015) ("Where a plaintiff's claims <u>are not based on or potentially remedied by the IDEA</u>, the IDEA's administrative exhaustion requirements do not apply.") (citation omitted) (emphasis added). However, despite Defendant's insistence, the very text of the counterclaims makes clear that the gravamen of Defendant's § 1983, ADA, and Section 504 counterclaims is that Plaintiff deprived Defendant of a FAPE. *See, e.g.,* D.E. 6 ¶ 62 ("Excluding the child's parent from the IEP process and the development of the IEP caused substantive harm to the student <u>and was also a denial of FAPE</u> in violation of title II of the ADA.") (emphasis added).[10] Defendant could not have brought this same claim if the conduct occurred at another public facility because IEP's are only developed at schools. Similarly, an adult could not bring this same claim because it alleges discrimination based on reduction in language therapy services in an IEP for a disabled child. Thus her counterclaims for violations of § 1983, the ADA, and Section 504 are subject to exhaustion. This does not mean that Defendant did not have a cause of action for those claims, merely that Defendant was obligated to raise those claims before the ALJ at the due process hearing. *Babicz v. Sch. Bd. of Broward Cty.*, 135 F.3d 1420, 1422 (11th Cir. 1998); ("[C]laims asserted under Section 504 and/or the ADA are subject to [the] requirement that litigants exhaust the IDEA's administrative procedures to obtain relief that is available under the IDEA before bringing suit under Section 504 and/or the ADA."); *K.A. ex rel. F.A. v. Fulton Cty. Sch. Dist.*, 741 F.3d 1195, 1210 (11th Cir. 2013) ("[s]ection 1983 actions for denial of rights conferred by the IDEA are barred because the IDEA's comprehensive enforcement scheme

---

[10] In Defendant's response it argues that its § 1983 claim goes beyond the denial of rights conferred by the IDEA and alleges deliberate indifference and intentional discrimination. D.E. 22 at 17. However, the counterclaim contains no mention of intentional discrimination and merely states that Plaintiff's failures to provide an IEP with input of the parent and hold meetings at mutually convenient times violated § 1983. D.E. 6 at 14 ¶ 50.

provides the sole remedy for statutory violations."). Defendant did not raise the § 1983, ADA, or Section 504 claims at the due process hearing in her request for a due process hearing, D.E. 19-1, and Defendant did not amended her due process complaint to reflect these claims. D.E. 1-2 at 8. Defendant therefore failed to exhaust her administrative remedies as required by the IDEA and these counterclaims must be dismissed.

Defendant argues that she did not need to exhaust her administrative remedies because she is seeking additional damages and other relief not available under the IDEA, namely damages and declaratory judgment. D.E. 22 at 15. Defendant also argues that exhaustion would be futile as the ALJ in an administrative hearing does not have jurisdiction to decide ADA or § 1983 claims, and although ALJs have some authority to resolve Section 504 claims, it would be futile to litigate the same set of facts with regard to its Section 504 claim. D.E. 22 at 15. These arguments are unavailing. The fact that bringing the Section 504 claim before the ALJ would involve "re-litigating" the same facts does not absolve Defendant of her obligation to bring that claim before the ALJ in the first instance; if the Defendant seeks relief for the denial of a FAPE, Defendant must first exhaust her administrative remedies as to that claim before coming to this Court. *Fry*, 137 S. Ct. at 754. The only reason Defendant would have to "relitigate" the facts of her Section 504 claim is because she failed to raise it at the due process hearing. As to the ALJ's jurisdiction, the Eleventh Circuit has found that "[t]he IDEA's broad complaint provision affords the 'opportunity to present complaints with respect to *any* matter *relating* to the identification, evaluation, or educational placement of the child, or the provision of a [FAPE] to such child.'" *M.T.V.*, 446 F.3d at 1158 (quoting 20 U.S.C. § 1415(b)(6)) (emphasis in original). Defendant's additional argument that she did not need to exhaust administrative remedies because she is seeking relief not available under the IDEA is similarly unavailing. Plaintiff may not bypass the

IDEA's administrative procedures merely by seeking damages not statutorily available under the IDEA. *N.B. by D.G. v. Alachua Cty. Sch. Bd.*, 84 F.3d 1376, 1379 (11th Cir. 1996) (finding that plaintiff failed to exhaust administrative remedies under the IDEA for its § 1983 claim based on denial of a FAPE and that parties cannot "avoid the exhaustion requirement simply by asking for relief that administrative authorities could not grant.").

In short, Defendant's counterclaims for violations of the ADA, Section 504, and § 1983 seek relief for the denial of a FAPE and therefore under the IDEA, Defendant was required to first raise those claims at the due process hearing. *Fry*, 137 S. Ct. at 754. Because she did not raise those claims at the due process hearing she cannot now pursue a civil action for those claims and the Court may not consider them. Accordingly, the Court must dismiss Defendant's Third, Fourth, and Fifth Affirmative Defenses without prejudice.[11] *See, e.g., W.L.G. v. Houston Cty. Bd. of Educ.,* 975 F. Supp. 1317, 1328 (M.D. Ala. 1997) (dismissing § 1983 and Rehabilitation Act claims in IDEA case where plaintiff failed to exhaust administrative remedies).

**V.     Conclusion**

In sum, ALJ Jessica E. Varn erred in finding she had authority to award attorneys' fees in her September 7, 2017 Order on Attorney's Fees and Defendant's Affirmative Defenses do not preclude judgment in Plaintiff's favor on this claim. Judgment is also entered in favor of Plaintiff on each of Defendant's counterclaims. Accordingly, it is

ORDERED AND ADJUDGED that Plaintiff's Motion for Judgment on the Record and for Summary Judgment, D.E. 17, is GRANTED. The Court will separately enter judgment pursuant

---

[11] Because the Court finds that Plaintiff has failed to exhaust her administrative remedies, it does not address Plaintiff's remaining arguments as to the counterclaims.

to Rule 56. Administrative Law Judge Jessica E. Varn's Order on Attorneys' Fees, D.E. 1-2, is

HEREBY VACATED. It is further

ORDERED AND ADJUDGED that Counts Three, Four, and Five of Defendant's

Counterclaim are DISMISSED WITHOUT PREJUDICE.[12]

DONE AND ORDERED in Chambers at Miami, Florida, this _9th_ day of July, 2018.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided: counsel of record

---

[12] 20 U.S.C. § 1415(i)(3)(B) provides that district courts may award fees to parents who are prevailing parties at due process hearings. *Id.; Robert K. v. Cobb Cty. Sch. Dist.*, No. 1:05-CV-2456-JTC, 2007 WL 9701267, at *2 (N.D. Ga. Aug. 8, 2007), aff'd sub nom. *Robert v. Cobb Cty. Sch. Dist.*, 279 F. App'x 798 (11th Cir. 2008) ("To succeed on a claim for attorney's fees pursuant to § 1415(i)(3)(B), the child's parents must show that they initiated an action or proceeding under the IDEA and that they were the "prevailing party" in the proceeding."). Although the Court is granting Plaintiff's Motion for Judgment on the Record as to the ALJ's Order on Attorneys' Fees, the Court has not opined on the ALJ's Final Amended Order, which found that she was the prevailing party. D.E. 1-1. Thus, Defendant is entitled to file an action requesting that a district court uphold the ALJ's determination that she was the prevailing party at the due process hearing and requesting attorney's fees under the IDEA. 20 U.S.C. § 1415(i)(3)(B); "[T]here is no explicit statute of limitations for this action for attorneys' fees following an IDEA administrative hearing…." *Wilson v. Gov't of D.C.*, 269 F.R.D. 8, 16 (D.D.C. 2010). The Eleventh Circuit has adopted a four-year statute of limitations for motions for attorneys' fees under 20 U.S.C. §1415(i)(3)(B); *Zipperer*, 111 F.3d 847, 852 (We conclude that the application of a four-year statute of limitations to claims for attorneys' fees under the IDEA is consistent with the policies of the federal statute.) Thus Defendant may file her action for attorneys' within four years from April 18, 2017, the date of the ALJ's Amended Final Order. D.E. 1-1.